# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JENNIFER PROHIDNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. _____ |
| ) | |
| LANDRY'S SEAFOOD HOUSE - ) | JURY DEMAND |
| MEMPHIS, INC. AND NASHVILLE ) | |
| AQUARIUM, INC. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW the Plaintiff, **JENNIFER PROHIDNEY** (hereinafter "Prohidney" or "Plaintiff"), and complains as follows against the Defendant, LANDRY'S SEAFOOD HOUSE - MEMPHIS, INC., (hereinafter "Defendant Landry's Seafood") and/or NASHVILLE AQUARIUM, INC. (hereinafter "Defendant Aquarium"), seeking relief for discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Plaintiff who was adversely affected by such practices.

## **PARTIES**

1. Plaintiff, **JENNIFER PROHIDNEY**, is a resident of the United States who resides in White House, Tennessee. She is and was at all times relevant to this Complaint a citizen of the State of Tennessee and a resident of Sumner County.

2. Defendant, LANDRY'S SEAFOOD HOUSE, is, upon information and belief, a corporation organized under the laws of the State of Texas and/or Tennessee, with its principal

1

place of business at 1510 West Loop S, Houston, Texas, 77027-9505.  Plaintiff receives compensation from an entity identified as "Landry's Seafood House – Memphis, Inc."

3. Defendant, Aquarium, is, upon information and belief, a corporation organized under the laws of the State of Texas, with its principal place of business at 1510 West Loop S, Houston, Texas, 77027-9505.  Plaintiff performed her duties at an establishment identified as "Aquarium" at Opry Mills in Nashville, Tennessee.

4. Defendants are each licensed to do business in the State of Tennessee, and may be served in care of its registered agent, National Registered Agents, Inc., Ste. 2021, 800 S Gay Street, Knoxville, TN 37929-9710.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e et. Seq.).  This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 451, 1331, 1343, and 1367.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the present claim occurred within this judicial district.

7. On or about July 2, 2013, Plaintiff filed a charge of discrimination (No. 494-2013-01551) against Defendants and subsequently amended the same with the Equal Employment Opportunity Commission ("EEOC"), alleging sex discrimination and unlawful retaliation against Defendants.

8. On or about February 15, 2014, Plaintiff received a notice of suit rights from the EEOC, advising her that she had 90 days to file against Defendants under Title VII and the ADA.

2

9. Plaintiff has filed this Complaint within the aforementioned 90 day right to sue period and all conditions precedent to the institution of this lawsuit have been fulfilled.

10. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h). Furthermore, Defendants have continuously operated their business in Tennessee and this jurisdiction with at least fifteen employees.

11. The unlawful discrimination and/or retaliation alleged below were committed within the jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division.

12. Plaintiff asserts she was discriminated against on the basis of her gender. As such, Plaintiff falls within the protected class as a "person" and/or female employee as defined in 42 U.S.C. § 2000e(a) who applied for and accepted employment with Defendants. Furthermore, Plaintiff asserts that she was discriminated against "because of her sex" and/or "on the basis of sex" arising out of sexual harassment and subsequently retaliated against for opposing the same pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq.

13. Defendants are "employer(s)" as that term is defined by 42 U.S.C. § 2000e(b).

## STATEMENT OF FACTS

14. The discriminatory conduct alleged herein occurred in connection with Plaintiff's employment with Defendants as an expeditor in the main kitchen working at Defendants' restaurant located at 516 Opry Mills Drive, Nashville, TN 37214.

15. Since at least May 2013, Defendants have engaged in unlawful employment practices at its Opry Mills location in violation of § 703(a) Title VII, 42 U.S.C. § 2000e-2(a) and/or Section 704(a) Title VII, 42 U.S.C § 2000e-3(a).

16. Defendants' discriminatory practices include, but are not limited to: (1) creating or permitting a hostile work environment heavily charged with discrimination and sexual harassment; (2) maintaining wages, job assignments and other conditions of employment that unlawfully operate to deny equal opportunity to Plaintiff because of her sex; and (3) wrongfully terminating Plaintiff from employment because of her sex and opposition. More specifically, Defendants retaliated against Plaintiff by termination of her employment for opposing these unlawful employment practices when communicating her objections and/or opposition of discrimination and a sexually hostile work environment on account of her sex, female, to Mr. Wilcher, manager Bill Dubuc, and corporate human resource department representatives.

17. Plaintiff was hired to perform a variety of food preparation as an expeditor in the main kitchen at the Aquarium restaurant in March 2013.

18. Plaintiff was under the direct supervision of Chavois Wilcher as kitchen manager and/or head chef who perpetrated numerous sexual advances upon Plaintiff without her consent. Chavois Wilcher as a member of management had the authority to materially alter the terms and conditions of Plaintiff's employment.

19. During the last two weeks of April 2013, Chavois Wilcher expressed to Plaintiff the following statement: "I hope Dave's fucking you every day of the week, because I know I would be." This occurred by the salad station in the main kitchen. Plaintiff clearly demonstrated her opposition with her demeanor and disposition to this harassment.

20. In May 2013, Chavois Wilcher expressed to Plaintiff that he may have to let her leave early due to lack of business. Plaintiff responded that she would need to use a computer to email her husband to pick her up. Mr. Wilcher responded that she could use the computer in the general manager executive chef's office which has no cameras. Mr. Wilcher escorted Plaintiff

into the office to use the computer furthest from the door where one passing by the office would not be able to see her unless they "ducked" their head in to observe. Upon leave the office for a few minutes, Mr. Wilcher returned and place his arm around Plaintiff's neck and shoulder and his head on her left shoulder which startled Plaintiff. Plaintiff turned her head to observe Mr. Wilcher perpetrating this act and that he may have tried to kiss her. Mr. Wilcher inquired of Plaintiff as to whether she was have any problems emailing her husband. Plaintiff responded she had no had problems communicating with her husband and was frightened by Mr. Wilcher's behavior and sexual advances. Plaintiff attempted to move her chair away from Mr. Wilcher who did not change his stance or posture while attempting to block Plaintiff's egress.

21. The following day, Plaintiff notified the general manager Bill Dubuc what occurred the previous day which Mr. Dubuc was off for personal leave. Mr. Dubuc responded that he would contact human resources. Approximately, two weeks later, Mr. Dubuc instructed Plaintiff to come his office which had cameras to speak with "Noreen" in human resources on the telephone. Immediately thereafter, Plaintiff's schedule was dramatically reduced from four days a week to one day per week. There were particular weeks Plaintiff was not scheduled at all. This time period led into June and the summer period which was a peak period of business.

22. During the week of June 10, 2013, Plaintiff called into the restaurant to inquire about her schedule to which the host responded that she was not on the schedule. This was a common practice amongst staff that a host would answer the call and respond to scheduling inquiries when the managers were not available. The following Wednesday, Plaintiff went to the restaurant to pick up her check. Mr. Wilcher instructed Plaintiff to enter an office with cameras where "Timothy" who is a manager was present. Mr. Wilcher inquired about Plaintiff's absence

5

to which she responded that the host informed her that she was not on the schedule. Mr. Wilcher proceeded to admonish Plaintiff with a reprimand and write her up.

23. On or about June 17 and July 1, 2013, Plaintiff contacted the restaurant to inquire about her schedule for these particular weeks to which "Timothy" responded she was not on the schedule.

24. During the next several months, Plaintiff was not scheduled for work over several periods of weeks. During the weeks Plaintiff was on the schedule, her average of 32 to 35 hours were reduced to only several hours. Furthermore, Plaintiff was subject to a number of write ups forming a pretext for her eventual termination. During December 2013 leading up to the EEOC mediation, Plaintiff's schedule increased for that particular week the mediation was scheduled for.

25. During the course of 2013, Plaintiff's husband, who is a manager at Claim Jumper which is another restaurant in Opry Mills owned by Landry's, was subject to retaliation for spontaneous write ups and reprimands which rarely occurred during his several years of employment. Mr. Prohidney has filed an EEOC charge as well and is no longer employed.

26. On or about April 22, 2014, manager Bill Dubuc instructed Plaintiff to enter his office to inquire her about her absence the day before. Plaintiff responded that Mr. Wilcher had given her the day off. Mr. Dubuc responded that Mr. Wilcher confirmed to him she was in fact scheduled and was not given the day off. Plaintiff's employment was thereafter terminated.

27. The effect of the unlawful employment practices complained of herein has been to deprive the Plaintiff of equal employment opportunities and to otherwise adversely affect her status as an employee because of her sex as a female. Such discrimination and/or retaliation

practices were performed intentionally with malice and/or reckless indifference to the federally protected rights of Plaintiff.

28. The basis for termination proffered by Defendants are false and serve as a pretext for termination therefore deserving no credence as a legitimate non-discriminatory act.

29. Defendants are strictly liable for the acts averred herein because of Mr. Wilcher's status as a manager in the Aquarium restaurant located in Opry Mills with authority to materially alter the terms and conditions of employment for employees under his supervision.

30. Plaintiff is one of two females who have accused Mr. Wilcher of sexual harassment and/or a sexually hostile environment and subsequently filed charges with the EEOC.

31. Plaintiff has suffered damages as a result of Defendants' discriminatory actions in excess of $75,000.00.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendants:

1. Declaration that the Defendant violated Plaintiff's rights with regard to sex discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq.

2. Compensatory damages with prejudgment interest to Plaintiff for all salary, back pay, front pay, and benefits lost due to Defendants' unlawful actions in an amount not less than $300,000.00 or to be determined;

3. Damages to Plaintiff for emotional distress, loss of enjoyment of life, embarrassment, and humiliation in an amount to be determined;

4. Punitive damages to Plaintiff in an amount to be determined;

5. Award to Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees, costs, and expenses; and

6. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/Roland Mumford

Roland Mumford BPR 026495
Law Offices of Roland Mumford & Assoc.
242 West Main Street, No. 223
Hendersonville, TN 37075
Phone: 615.348.0070
Fax: 614.246.4110
Email: roland@mumfordlaw.net

Attorney for Plaintiff